**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL XAVIER SMITH,# 899452,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-0178-B |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for habeas corpus relief submitted by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Boyd Unit in Teague, Texas. Respondent is the Director of TDCJ-CID.  The court did not issue process in this case pending preliminary screening.

Statement of the Case:  In 1999, a jury convicted Petitioner of capital murder and sentenced him to life imprisonment in TDCJ-CID.  *See State v. Smith*, No. F99-70058-MS (282nd Dist. Ct, Dallas Cty., 1999).  Petitioner appealed, and the court of appeals affirmed his conviction.  *Smith v. State*, No. 07-00-00025-CR (Tex. App., Amarillo Div., Apr. 3, 2003, no

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL XAVIER SMITH,# 899452,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:10-CV-0178-B |
| § | | |
| **RICK THALER, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Div.,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for habeas corpus relief submitted by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Boyd Unit in Teague, Texas. Respondent is the Director of TDCJ-CID.  The court did not issue process in this case pending preliminary screening.

Statement of the Case:  In 1999, a jury convicted Petitioner of capital murder and sentenced him to life imprisonment in TDCJ-CID.  *See State v. Smith*, No. F99-70058-MS (282nd Dist. Ct, Dallas Cty., 1999).  Petitioner appealed, and the court of appeals affirmed his conviction.  *Smith v. State*, No. 07-00-00025-CR (Tex. App., Amarillo Div., Apr. 3, 2003, no

pet.) On June 5, 2003, the Texas Court of Criminal Appeals (TCCA) granted Petitioner's first motion for extension of time to file a petition for discretionary review (PDR). *See* No. PD-0891-03. Having failed to file a timely PDR by July 7, 2003, the TCCA denied Petitioner's second motion for extension of time on September 5, 2003, and dismissed as untimely the subsequently filed PDR on September 10, 2003. *Id.* Thereafter, on September 22, 2003, the TCCA rejected Petitioner's motion for rehearing. *Id.*

On September 13, 2007, Petitioner filed in the convicting court a state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging his conviction. *See* No. W99-70058-A (*See* Attachment reflecting filing date below "Judicial Information"). The TCCA denied the state habeas application without a written order on December 5, 2007. *See Ex parte Smith*, No. WR-68,689-01.[1]

On January 29, 2010, Petitioner filed the federal petition presently at issue. In five grounds, he alleges the prosecutor improperly used state peremptory challenges to exclude blacks from the jury, the trial court erred in admitting an out-of-court photo line up, the trial court erred in "enforcing the jury verdict based upon the eyewitness in court identification and testimony," the court of appeals improperly relied on the fact findings of the trial court, and the prosecutor and trial judge concealed "significant exculpatory evidence and/or impeaching material in the state's possession."[2]

---

[1] The docket sheets for Petitioner's direct appeal, petition for discretionary review, and post-conviction writ are available on the websites for the Seventh Court of Appeals and the Texas Court of Criminal Appeals.

[2] For purposes of this recommendation, the federal petition is deemed filed on January 27, 2010, the date Petitioner signed it and presumably placed it in the prison mail. *See* Rule 3(d) of the Rules Governing § 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

pet.)  On June 5, 2003, the Texas Court of Criminal Appeals (TCCA) granted Petitioner's first motion for extension of time to file a petition for discretionary review (PDR).  *See* No. PD-0891-03.  Having failed to file a timely PDR by July 7, 2003, the TCCA denied Petitioner's second motion for extension of time on September 5, 2003, and dismissed as untimely the subsequently filed PDR on September 10, 2003.  *Id.*  Thereafter, on September 22, 2003, the TCCA rejected Petitioner's motion for rehearing.  *Id.*

On September 13, 2007, Petitioner filed in the convicting court a state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging his conviction.  *See* No. W99-70058-A (*See* Attachment reflecting filing date below "Judicial Information").  The TCCA denied the state habeas application without a written order on December 5, 2007.  *See Ex parte Smith*, No. WR-68,689-01.[1]

On January 29, 2010, Petitioner filed the federal petition presently at issue.  In five grounds, he alleges the prosecutor improperly used state peremptory challenges to exclude blacks from the jury, the trial court erred in admitting an out-of-court photo line up, the trial court erred in "enforcing the jury verdict based upon the eyewitness in court identification and testimony," the court of appeals improperly relied on the fact findings of the trial court, and the prosecutor and trial judge concealed "significant exculpatory evidence and/or impeaching material in the state's possession."[2]

---

[1] The docket sheets for Petitioner's direct appeal, petition for discretionary review, and post-conviction writ are available on the websites for the Seventh Court of Appeals and the Texas Court of Criminal Appeals.

[2] For purposes of this recommendation, the federal petition is deemed filed on January 27, 2010, the date Petitioner signed it and presumably placed it in the prison mail.  *See* Rule 3(d) of the Rules Governing § 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999); Rule 4 of the Rules Governing § 2254 proceedings (requiring a district court to dismiss a § 2254 petition when it plainly appears from the face of the petition and attached exhibits that the petitioner is not entitled to relief).

In accordance with *Kiser* and Rule 4, the court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why his case should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. Petitioner filed a response to the show cause order and a declaration in support thereof on February 22 and 23, 2010, respectively.

In this case, the one-year limitations period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).[3]

---

[3] Subsections 2244(d)(1)(B)-(D) are inapplicable in this case. Petitioner has alleged no state created impediment under subparagraph (B) that prevented him from timely raising his claims. Nor does he base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the court determines that the facts supporting his grounds became or could have become known prior to the date on which his conviction became final. As set out more fully below, the alleged new evidence, on which Petitioner relies, is insufficient to raise a cognizable claim of newly discovered evidence/actual innocence. Moreover, "[s]ection 2244(d)(1)(D) does not convey a statutory right to an extended delay ..., while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." *Flanagan,* 154 F.3d at 198-99.

3

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999); Rule 4 of the Rules Governing § 2254 proceedings (requiring a district court to dismiss a § 2254 petition when it plainly appears from the face of the petition and attached exhibits that the petitioner is not entitled to relief).

In accordance with *Kiser* and Rule 4, the court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why his case should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. Petitioner filed a response to the show cause order and a declaration in support thereof on February 22 and 23, 2010, respectively.

In this case, the one-year limitations period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).[3]

---

[3] Subsections 2244(d)(1)(B)-(D) are inapplicable in this case. Petitioner has alleged no state created impediment under subparagraph (B) that prevented him from timely raising his claims. Nor does he base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the court determines that the facts supporting his grounds became or could have become known prior to the date on which his conviction became final. As set out more fully below, the alleged new evidence, on which Petitioner relies, is insufficient to raise a cognizable claim of newly discovered evidence/actual innocence. Moreover,"[s]ection 2244(d)(1)(D) does not convey a statutory right to an extended delay ..., while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." *Flanagan,* 154 F.3d at 198-99.

Petitioner's conviction became final for purposes of the one-year period on July 7, 2003, the last day on which he could have filed a timely PDR pursuant to the June 5, 2003 order of extension in No. PD-0891-03. *See Dolan v. Dretke*, 168 Fed. Appx. 10, at 11 (5th Cir. 2006) (unpublished per curiam) (state court conviction became final upon expiration of extension of time granted by TCCA for filing PDR).[4] The one-year period began to run on July 8, 2003, and expired on July 7, 2004 – more than five and one-half years before Petitioner filed the federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). Statutory tolling is unavailable in this case. *See* 28 U.S.C. § 2244(d)(2). Petitioner did not file his state application until September 13, 2007, over three years *after* the one-year period elapsed. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling if state habeas application is filed after one-year period has expired). Therefore, his federal petition is clearly time barred absent equitable tolling.

In response to the court's show cause order, Petitioner relies on "newly discovered evidence," to argue that his petition is timely filed and that he is actually innocent of the murder of which he was convicted. The alleged new evidence consists of two newspaper articles and an editorial from the Dallas Morning News, as well as a scholarly article from the Scientific American. Relying on a January 25, 2010 Dallas Morning News' article, Petitioner alleges the prosecutor assigned to his criminal case, Tom D'Amore, was recently accused in an unrelated case of coaching the sole eyewitness to identify the accused as the killer (as he claims happened

---

[4] The office of the undersigned called the TCCA to confirm that Petitioner was granted until July 7, 2003 to file a PDR. Since the order provided no further extensions would be entertained, Petitioner's subsequent motion for extension of time and untimely PDR are irrelevant to the statute of limitations analysis.

Petitioner's conviction became final for purposes of the one-year period on July 7, 2003, the last day on which he could have filed a timely PDR pursuant to the June 5, 2003 order of extension in No. PD-0891-03. *See Dolan v. Dretke*, 168 Fed. Appx. 10, at 11 (5th Cir. 2006) (unpublished per curiam) (state court conviction became final upon expiration of extension of time granted by TCCA for filing PDR).[4] The one-year period began to run on July 8, 2003, and expired on July 7, 2004 – more than five and one-half years before Petitioner filed the federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). Statutory tolling is unavailable in this case. *See* 28 U.S.C. § 2244(d)(2). Petitioner did not file his state application until September 13, 2007, over three years *after* the one-year period elapsed. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling if state habeas application is filed after one-year period has expired). Therefore, his federal petition is clearly time barred absent equitable tolling.

In response to the court's show cause order, Petitioner relies on "newly discovered evidence," to argue that his petition is timely filed and that he is actually innocent of the murder of which he was convicted. The alleged new evidence consists of two newspaper articles and an editorial from the Dallas Morning News, as well as a scholarly article from the Scientific American. Relying on a January 25, 2010 Dallas Morning News' article, Petitioner alleges the prosecutor assigned to his criminal case, Tom D'Amore, was recently accused in an unrelated case of coaching the sole eyewitness to identify the accused as the killer (as he claims happened

---

[4] The office of the undersigned called the TCCA to confirm that Petitioner was granted until July 7, 2003 to file a PDR. Since the order provided no further extensions would be entertained, Petitioner's subsequent motion for extension of time and untimely PDR are irrelevant to the statute of limitations analysis.

4

in his case), although the eyewitness had no recollection of what the killer looked like. (Pet's Resp. at exh. 1.) He further alleges that Dallas County prosecutors have a history of striking jurors because of race to gain a conviction as reported in the July 31, 2007 Dallas Morning News article. (*Id.* at exh. 2.) Relying on a January 6, 2010 article in Scientific American, Petitioner contends that eyewitness testimony, as the one used in his case, is often inaccurate and uncertain. (*Id.* at exh. 3, "Why Science tells Us Not to Rely on Eyewitness Accounts.") Lastly, Petitioner cites an editorial about Timothy Cole, who was mistakenly identified by the victim as the attacker, but who later died in prison because the prosecutor and Lubbock authorities ignored the confession of a stronger suspect. (*Id.* at exh. 4, Feb. 11, 2009 Editorial Dallas Morning News, "Answering Justice, We Can't Allow Other Innocent Men to Die in Prison.")

At the outset the court notes that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853 (1993). Rather, a claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* at 404.

Even under the most liberal construction of the pleadings and exhibits in this case, Petitioner cannot present a cognizable claim of newly discovered evidence that establishes he is actually innocent of the underlying crime – namely that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *See Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999); *accord Finley v. Johnson,* 243 F.3d 215, 221 (5th Cir. 2001). None of the articles, on which he

5

in his case), although the eyewitness had no recollection of what the killer looked like. (Pet's Resp. at exh. 1.) He further alleges that Dallas County prosecutors have a history of striking jurors because of race to gain a conviction as reported in the July 31, 2007 Dallas Morning News article. (*Id.* at exh. 2.) Relying on a January 6, 2010 article in Scientific American, Petitioner contends that eyewitness testimony, as the one used in his case, is often inaccurate and uncertain. (*Id.* at exh. 3, "Why Science tells Us Not to Rely on Eyewitness Accounts.") Lastly, Petitioner cites an editorial about Timothy Cole, who was mistakenly identified by the victim as the attacker, but who later died in prison because the prosecutor and Lubbock authorities ignored the confession of a stronger suspect. (*Id.* at exh. 4, Feb. 11, 2009 Editorial Dallas Morning News, "Answering Justice, We Can't Allow Other Innocent Men to Die in Prison.")

At the outset the court notes that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853 (1993). Rather, a claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* at 404.

Even under the most liberal construction of the pleadings and exhibits in this case, Petitioner cannot present a cognizable claim of newly discovered evidence that establishes he is actually innocent of the underlying crime – namely that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *See Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999); *accord Finley v. Johnson,* 243 F.3d 215, 221 (5th Cir. 2001). None of the articles, on which he

5

relies, presents reliable new evidence directly tied to his underlying murder conviction in this case. *See Schlup,* 513 U.S. at 329 (1995). Petitioner merely seeks to extrapolate from events that occurred in unrelated cases.

Insofar as Petitioner requests equitable tolling of the one-year period, his claim fares no better. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."

This case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Petitioner delayed filing his state writ by more than four years after his conviction became final. His dilatory conduct did not end there. Following the denial of his state writ, he waited an additional two years before submitting this federal petition for filing. Petitioner provides no explanation for either of these long delays, which appear to have been of his own making. Unexplained delays do not evince due diligence. "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

In addition, a claim of actual innocence does not preclude the dismissal of a habeas petition as untimely. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *see also Felder*

6

relies, presents reliable new evidence directly tied to his underlying murder conviction in this case. *See Schlup,* 513 U.S. at 329 (1995). Petitioner merely seeks to extrapolate from events that occurred in unrelated cases.

Insofar as Petitioner requests equitable tolling of the one-year period, his claim fares no better. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."

This case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Petitioner delayed filing his state writ by more than four years after his conviction became final. His dilatory conduct did not end there. Following the denial of his state writ, he waited an additional two years before submitting this federal petition for filing. Petitioner provides no explanation for either of these long delays, which appear to have been of his own making. Unexplained delays do not evince due diligence. "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

In addition, a claim of actual innocence does not preclude the dismissal of a habeas petition as untimely. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *see also Felder*

*v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("Felder's actual innocence claim . . . does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent."). Moreover, neither Petitioner's "unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999).

Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (the party seeking equitable tolling has the burden of showing entitlement to such tolling). In the exercise of discretion, the District Court should refuse to apply equitable tolling.

In addition, the District Court should deny Petitioner's March 29, 2010 motion for leave to file an amended criminal grand jury inquiry and indictment against Tom D'Amore, the Dallas County prosecutor assigned to his criminal case. Such a request is not cognizable in a habeas corpus proceeding. The prosecution of state or federal criminal offenses falls within the exclusive jurisdiction of the executive branch of the state and federal government. *See Pierre v. Guidry*, 75 F. Appx. 300, 300 (5th Cir. 2003) (per curiam) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975)) (plaintiff has no right to bring a private action under criminal statutes); *Oliver v. Collins*, 904 F.2d 278, 280-81 (5th Cir. 1990) (the decision to file or not to file criminal charges falls within this category of acts that will not give rise to liability under 42 U.S.C. § 1983).

Petitioner's April 15, 2010 motion for default judgment should also be denied. The court did not issue process in this case pending preliminary screening. As such, Respondent is not in default.

*v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("Felder's actual innocence claim . . . does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent."). Moreover, neither Petitioner's "unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999).

Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (the party seeking equitable tolling has the burden of showing entitlement to such tolling). In the exercise of discretion, the District Court should refuse to apply equitable tolling.

In addition, the District Court should deny Petitioner's March 29, 2010 motion for leave to file an amended criminal grand jury inquiry and indictment against Tom D'Amore, the Dallas County prosecutor assigned to his criminal case. Such a request is not cognizable in a habeas corpus proceeding. The prosecution of state or federal criminal offenses falls within the exclusive jurisdiction of the executive branch of the state and federal government. *See Pierre v. Guidry*, 75 F. Appx. 300, 300 (5th Cir. 2003) (per curiam) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975)) (plaintiff has no right to bring a private action under criminal statutes); *Oliver v. Collins*, 904 F.2d 278, 280-81 (5th Cir. 1990) (the decision to file or not to file criminal charges falls within this category of acts that will not give rise to liability under 42 U.S.C. § 1983).

Petitioner's April 15, 2010 motion for default judgment should also be denied. The court did not issue process in this case pending preliminary screening. As such, Respondent is not in default.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the habeas corpus petition be DISMISSED summarily with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d); Rule 4 of the Rules Governing § 2254 Cases.

It is further recommended that Petitioner's motions for default judgment and for leave to file an amended criminal grand jury inquiry and indictment (Doc. #14 and #15) be DENIED.

Signed this 27th day of April, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the habeas corpus petition be DISMISSED summarily with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d); Rule 4 of the Rules Governing § 2254 Cases.

It is further recommended that Petitioner's motions for default judgment and for leave to file an amended criminal grand jury inquiry and indictment (Doc. #14 and #15) be DENIED.

Signed this 27th day of April, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

**ATTACHMENT**

**ATTACHMENT**